IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3040-FL

| | |
|---|---|
| DEAN VANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DR. RICHARD O. BROADWELL, III, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) of defendant Dr. Richard O. Broadwell, III (DE # 17), to which plaintiff responded. Also before the court is plaintiff's motion to appoint counsel (DE # 23). Defendant did not respond to plaintiff's motion. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants in part and denies in part defendant's motion to dismiss. The court denies plaintiff's motion to appoint counsel.

## STATEMENT OF THE CASE

On February 24, 2011, plaintiff, a state inmate, filed this action pursuant to 42 U.S.C. § 1983, alleging that defendant acted with deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution. Defendant subsequently moved to dismiss plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, which was fully briefed. Plaintiff then filed a motion to appoint counsel.

## STATEMENT OF FACTS

Viewing the facts in the light most favorable to plaintiff, plaintiff makes the following allegations. On December 11, 2009, Dr. Robert Owens at Murray Correctional Institution prescribed plaintiff "a right foot ankle brace" for his "severe foot, ankle[,] and knee pain." Decl. p. 1.[1] The ankle brace prescription was valid until December 10, 2010.

In May 2010, plaintiff was transferred to Pamlico Correctional Institution ("Pamlico"). Subsequent to his arrival at Pamlico, plaintiff submitted several sick call requests to defendant for follow-up treatment for his foot condition.

On September 15, 2010, defendant examined plaintiff, "and told him after just looking at his feet that there was nothing wrong with plaintiff's feet, knees, and shoulder." Decl. p. 2. Defendant discontinued plaintiff's ankle brace. Officer Mims took plaintiff's ankle brace the next day.

On December 6, 2010, plaintiff submitted a sick call request complaining of severe pain. Plaintiff was seen by nurse Gaskill ("Gaskill"), who provided him with fifteen (15) packs of Tylenol. Gaskill also informed plaintiff that she would order bunion pads and "would put [his] medical chart in front of [defendant]." Id. Plaintiff submitted a second sick call request complaining of pain on December 12, 2010. Plaintiff again was seen by Gaskill on December 15, 2010. Gaskill provided plaintiff with the bunion pads, and again told plaintiff that she would put his chart in front of defendant.

On December 29, 2010, Nurse Hull ("Hull") saw plaintiff in response to a sick call request, and informed him that there was nothing wrong with his feet. Hull also informed plaintiff that there

---

[1] Plaintiff submitted a declaration supplementing his allegations in his complaint. The court allows plaintiff's supplemental allegations. See Fed. R. Civ. P. 15.

2

was nothing medical staff could do for the pain in his ankle and feet. On December 30, 2010, medical staff conducted "side and top x-rays" of plaintiff's feet. Id. p. 3.

On January 20, 2011, Gaskill met with plaintiff, and went over the results of his x-rays. Gaskill informed plaintiff that he had a degenerative bone disease in his feet. Gaskill gave plaintiff Tylenol and told him that his chart would be put in front of defendant for follow-up. On January 20 and 21, 2011, defendant was at the Pamlico medical center, but refused to see plaintiff for follow-up.

On January 28, 2011, plaintiff placed another sick call request complaining about his foot and ankle pain. Plaintiff was instructed to continue with his prescribed medication. Plaintiff placed another sick call request on February 3, 2011, and was examined by Nurse Clark ("Clark") on February 7, 2011. Clark informed plaintiff that she would put his chart in front of defendant for review. Defendant refused plaintiff follow-up treatment.

On February 14, 2011, plaintiff submitted a sick call request, and was seen by Hull on February 21, 2011. Hull told plaintiff she would put his chart in front of defendant for review, but defendant refused to see plaintiff.

As relief, plaintiff requests a declaratory judgment stating that defendant violated his constitutional rights. Plaintiff also requests compensatory and punitive damages. Finally, plaintiff requests injunctive relief in the form of a court order arranging for the "plaintiff's ankle to be examined by a qualified physician," arranging for physical therapy, and "other follow-up medical treatment to be evaluated by a medical practitioner with expertise in orthopedic rehabilitation." Compl. p. 4.

3

## DISCUSSION

A.  Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

B.  Motion to Dismiss

1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts

4

all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

   2.   Analysis

      a.   Eighth Amendment Claim

Plaintiff alleges defendant acted with deliberate indifference to his serious medical needs. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

Defendant's motion focuses on the subjective prong of the Eighth Amendment test–whether defendant acted with deliberate indifference to plaintiff's serious medical needs. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less

5

than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). Mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

Plaintiff alleges defendant took away his right ankle brace and failed to provide follow-up treatment. Defendant, however, contends that plaintiff attached documents to his complaint, in the form of staff responses to his grievances, which establish that he did not violate plaintiff's constitutional rights. These grievance responses are not sufficient evidence to dismiss plaintiff's Eighth Amendment claim. While the court may rely upon medical affidavits and prison medical records, grievance responses do not carry the same evidentiary weight. See Stanley v. Hejirika, 134 F.3d 629, 637 (4th Cir. 1998); Bennett v. Reed, 534 F. Supp. 83, 86 (E.D.N.C. 1981), aff'd, 676 F.2d 690 (4th Cir. 1982). No medical records or affidavits are before the court. Moreover, the court finds that plaintiff's allegation that defendant repeatedly refused to see plaintiff, despite his continual complaints of pain, satisfies the subjective prong of the Eighth Amendment test. See Estelle, 429 U.S. at 103-105. Because plaintiff has adequately alleged deliberate indifference, the court finds that he has adequately stated an Eighth Amendment claim.[2]

    b.    Supervisor Liability

Defendant alleges that plaintiff failed to state a claim for supervisor liability against him. A

---

[2] The court notes that defendant does not contest, at this time, that plaintiff's allegations fail to satisfy the objective prong of the Eighth Amendment test.

6

supervisor may be liable for the actions of a subordinate if:

> (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;
>
> (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and
>
> (3) there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

Defendants state that plaintiff's allegation that he "has supervisory authority over Pamlico Correctional Institutional Nurses and Physician's Assistants" is insufficient to allege a claim for supervisor liability. However, in addition to this allegation, plaintiff alleges that Broadwell was aware of his medical condition and prevented him from receiving adequate treatment. Construing plaintiff's allegations liberally, as this court must given his *pro se* status, Federal Exp. Corp. v. Holowecki, 552 U.S. 389, 402 (2008), the court finds that his allegations are sufficient to survive a motion to dismiss.

c. Negligence Claim

Defendant moves to dismiss plaintiff's state law negligence claim because plaintiff failed to state a claim upon which relief may be granted. North Carolina imposes substantive legal requirements that a person must follow to pursue a medical malpractice claim. See N.C. R. Civ. P. 9(j). Under North Carolina Rule of Civil Procedure 9(j), a plaintiff's medical malpractice complaint must assert that the medical care has been reviewed by a person who is reasonably expected to

7

qualify (or whom the plaintiff will move to qualify) as an expert witness and who is willing to testify that the medical care received by the plaintiff did not comply with the applicable standard of care. See N.C. R. Civ. P. 9(j)(1), (2); see, e.g., Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676 (W.D.N.C. 2004). Alternatively, the complaint must allege facts establishing negligence under the common-law doctrine of *res ipsa loquitur*. See N.C. R. Civ. P. 9j(3). Failure to comply with Rule 9(j) is grounds for dismissal of a state medical malpractice claim brought in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); Frazier, 308 F. Supp. 2d at 676–77.

Plaintiff's complaint fails to allege that he obtained certification from an expert willing to testify that his treating medical personnel did not comply with the applicable standard of care. Further, the doctrine of *res ipsa loquitur* "is allowed only when the occurrence clearly speaks for itself." Diehl v. Koffer, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000); see, e.g., Tice v. Hall, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984) (surgical sponge left in patient's body). Here, plaintiff has not plead the doctrine of *res ipsa loquitur*. Thus, plaintiff fails to meet the requirements of Rule 9(j), and his negligence claim is DISMISSED without prejudice.

    d.    Assault and Battery

Plaintiff alleges that "the Physical abuse of the Plaintiff's right ankle by the defendant['s] removal of his ankle brace . . . constituted an assault and battery under state law."[3] Compl. ¶ V. Pursuant to North Carolina State law, an "assault is an offer to show violence to another without striking him, and a battery is the carrying of the threat into effect by the infliction of a blow."

---

[3] Plaintiff's claim for assault and battery is brought pursuant to this court's supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367.

8

Dickens v. Puryear, 302 N.C. 437, 444, 276 S.E.2d 325, 330 (1981). Plaintiff has not alleged sufficient factual support to state a claim for assault and battery pursuant to North Carolina state law. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (Finding *pro se* complaints require a minimum level of factual support.) Thus, this claim is DISMISSED.

   e. Punitive Damages

Defendant argues that plaintiff's claims do not support an award of punitive damages. Punitive damages may be awarded in a § 1983 action under appropriate circumstances to punish violations of constitutional rights. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267-268 (1981). Punitive damages may be awarded for "conduct that involves 'reckless or callous indifference to the federally protected rights of others,' as well as for conduct motivated by evil intent." Cooper v. Dyke, 814 F.2d 941, 948 (4th Cir. 1987) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)). The Fourth Circuit has determined that the callous indifference required for punitive damages is the same as the deliberate indifference required for a finding of liability in a § 1983 claim. Cooper, 814 F.2d at 948. Plaintiff alleges deliberate indifference in this case. Thus, he has sufficiently plead a claim for punitive damages, and defendant's motion to dismiss plaintiff's claim for punitive damages is DENIED.

9

f.   Violation of N.C. Gen. Stat. § 84.4

Defendant alleges that plaintiff's *pro se* complaint violates N.C. Gen. Stat. § 84-4 because it was drafted by someone other than plaintiff. N.C. Gen. Stat. § 84-4 prohibits a non-attorney from appearing on behalf of a party other than himself in a judicial action or proceeding. Here, defendant suspects that plaintiff's complaint was drafted by a "jail house lawyer." However, the United States Supreme Court has indicated that inmates may seek assistance from other inmates under some circumstances. See, Johnson v. Avery, 393 U.S. 483, 490 (1969) ("But unless and until the State provides some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief, it may not validly enforce a regulation such as that here in issue, barring inmates from furnishing such assistance to other prisoners."); Graham v. Hutto, 437 F. Supp. 118, 119 (E.D. Va. 1977), aff'd, 571 F.2d 575 (4th Cir. 1978). Thus, defendant's motion to dismiss on this ground is DENIED.

## CONCLUSION

Based upon the foregoing, defendant's motion to dismiss (DE # 17) is GRANTED in part and DENIED in part. Defendant's motion is GRANTED as to plaintiff's negligence claim and his claim for assault and battery. Plaintiff's negligence claim is DISMISSED without prejudice. Defendant's motion is DENIED as to plaintiff's remaining claims. Finally, plaintiff's motion to appoint counsel (DE # 23) is DENIED. The Clerk of Court is DIRECTED to issue an initial order.

SO ORDERED, this the 4th day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge

10

Case 5:11-ct-03040-FL   Document 25   Filed 08/06/12   Page 10 of 10